H. S. BUCKNER v. HARRIS ABRAHAMS and others.

April Term, 1877.

DEMURRER BY AN OFFICER MADE A DEFENDANT. — Although an officer who is made a defendant to a bill merely because he has in his hands process issued by his co-defendants, may successfully demur on the ground that he is not a necessary party, yet it is otherwise where he has the personal property in controversy in his possession, by virtue of the levy of an execution, which vests him with a title.

DEMURRER BY OFFICERS AND OWNERS OF A CORPORATION. — The officers and owners of a banking corporation may be made defendants for purposes of discovery, and, therefore, a demurrer will not lie by them to a bill on the ground that they are not necessary parties.

DEMURRER TO AN UNCERTAIN PART OF A BILL. — A demurrer to part of a bill which does not designate with sufficient certainty the specific portions to which it is addressed is bad for uncertainty.

*Wilkin & Chamberlain*, for complainant.
*John Ruhm*, for defendants.

THE CHANCELLOR : — Bill filed February 20, 1877, by

several creditors of the defendant Harris Abrahams, by note, draft, or open account without judgment, against Abrahams, several of the defendants as judgment creditors of Abrahams, and three other defendants, constables, having in their possession personal property of Abrahams, under levies made by them of executions issued on the judgments of their co-defendants. The bill prayed and obtained an attachment of the property in question, upon the ground that the said judgments (except one designated), " or a part of said judgments, at least," " were recovered through collusion and a conspiracy with said Abrahams, and with a view to a secret trust for his benefit, and to assist him in covering up and concealing his property, so as to hinder, delay, and fraudulently defeat his creditors from making their just claims ; that said Abrahams has, through collusion with said defendants, and other parties not known to your orators, within the last year or two, and particularly within the last few months, been making away with his property in a secret and clandestine manner ; that he has secretly removed portions of his goods from his said storehouse, at seasonable and unseasonable hours, for the purpose of concealing the same, to hinder, delay, and fraudulently defeat his creditors." A number of demurrers have been filed to this bill.

Two of the constables demur, because the bill shows that they are officers of Davidson County, and as such are not necessary parties, and that no personal decree is sought against them. It has been decided in this state that a *pro confesso* against an officer who is a nominal, not a material, defendant to a suit in chancery, will avail the complainant nothing. *McGavock* v. *Elliott*, 3 Yerg. 373; *Blanton* v. *Hall*, 2 Heisk. 423. The rule is the same on *pro confesso* against a private agent. *Boyd* v. *Vanderkemp*, 1 Barb. Ch. 287. And an officer who is merely made a defendant because he has process in his hands, as the agent of the other and material defendants, is improperly made a party.

*Montgomery* v. *Whitworth*, 1 Tenn. Ch. 174. See, to the same effect, *Lackay* v. *Curtis*, 6 Ired. Eq. 199 ; *Hext* v. *Walker*, 5 Rich. Eq. 5. In *Douglass* v. *Joyner* (manuscript opinion of the Supreme Court, published in Commercial Reporter of December 22, 1875), the reporter's third head-note is, in substance, that the sheriff to whose hands an execution has come is a material defendant to a bill filed to enjoin the collection of the execution, under the Code, sec. 4311, subsec. 3, where he is the only defendant living in the county in which the bill is filed. The report as printed certainly does not justify this head-note. The court, in the mutilated paragraph at the end of the opinion, seems to have answered the objection that there was no material defendant residing in the county in which the suit was brought, by saying *sic lex scripta est*, the statute authorizes it. The decision does not hold any thing in conflict with the previous rulings. See the case as reported in 1 Baxt. 32. The question raised by the demurrer in the case before us is whether the demurring defendants are material parties within the rule. And it seems to me they clearly are. The property sought to be reached is in their hands, clothed with a title, by virtue of their levies, which would enable them to sue for its conversion, or for a trespass upon it, and which would authorize them to recover damages, in certain contingencies, upon the attachment-bond executed by the complainants. If, moreover, they had undertaken to dispose of the property after their knowledge of the injunction sued out by the complainants, they would, perhaps, have found that a decree not only would have been sought, but would have been rendered against them. They were, probably, material parties, because in possession under title of the property in dispute. And, at any rate, they were proper if not indispensable parties, for a person may properly be made a party although no decree is sought against him. Story's Eq. Pl., sec. 153. The demurrer is, therefore, not well taken.

Julius and Max Sax have demurred because no re- lief is prayed against them, and they are not necessary parties. But they are alleged to be the officers and owners of the Nashville Savings-Bank, and, as such officers, the complainant was entitled to make them defendants for the purposes of discovery, even if no relief be sought against them. Story's Eq. Pl., sec. 235. The demurrer is, consequently, not well taken.

The defendant Abrahams demurs " to so much of said bill as is not authorized under sections 4288 and 4289 of the Code, but purports to be an attachment bill under the general attachment laws," assigning various causes. The demurrer does not designate what specific portions of the bill fall within its purview, and I have myself been unable to find any. The demurrer is bad for uncertainty, or as a speaking demurrer, and must, in either view, be overruled.

The defendants Abrahams and Tracy & Coyle demur to so much of the bill as seeks an account of usury, upon the ground that the complainants are not judgment-cred- itors. The statute (Code, sec. 1955) confers the right to reach usury upon judgment-creditors alone. The demurrer is, therefore, well taken.

The same defendants and the defendant Bloomstein fur- ther demur because the bill is, —

1. Multifarious.

2. There is a misjoinder of parties.

3. The bill is unknown to the forms of the court.

4. The allegations of fraud are loose, vague, and uncer- tain.

Section 4288 of the Code provides that any creditor, without first having obtained a judgment at law, may file a bill in chancery for himself, or for himself and other creditors, to set aside fraudulent conveyances and devices resorted to for the purpose of hindering and delaying creditors. Under this provision, any number of creditors of a common debtor may join in the bill when filed, instead of going through

the form of filing it in the name of one for the use of himself and others, and afterwards coming in by petition.  The bill charges that the judgments of the defendants Tracy & Coyle and Bloomstein were wholly or in part recovered through collusion with the defendant Abrahams, "with a view to a secret trust for his benefit, and to assist him in covering up and concealing his property, so as to hinder, delay, and fraudulently defeat his creditors."  There is, therefore, no multifariousness, nor any misjoinder, in the bill; of which the demurrants can complain.  The bill is not unknown to the forms of the court, as I have seen many such since I have been on the bench; and the allegations of collusion and fraud, instead of being vague and loose, seem to me decidedly pointed, and exceptionally direct.

The demurrer must, consequently, be overruled in accordance with this opinion, except the demurrers going to so much of the bill as seeks a recovery of usury, which are sustained.